UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JEREMY COCHRAN,

     Plaintiff,

     v.

                                 Civil Action No. DKC-21-2404

BRUCE SMITH,

     Defendant.

**MEMORANDUM OPINION**

     Plaintiff Jeremy Cochran, an inmate currently incarcerated at the North Branch Correctional Institution, filed the above-captioned complaint, accompanied by a motion for leave to proceed *in forma pauperis*. ECF Nos. 1 and 2. Because Mr. Cochran appears indigent, he shall be granted leave to proceed *in forma pauperis*. However, for reasons stated below, the complaint shall be dismissed.

     Title 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint. The court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). When considering whether a claim is frivolous, § 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous where "it lacks an arguable basis either in law or

in fact." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke*, 490 U.S. at 327).

The complaint alleges that "On December 15th 2008 Bruce Smith had [Cochran] arrested for sexual abuse charges, then on July 10th 2009 had them charges nolle processed, this was false imprisonment and [cruel] and unusual punishment, he did not do a full and complete investigation into these allegations." (sic).  ECF No. 1 at 2 (some alteration to capitalization).  Mr. Cochran maintains that if Mr. Smith had "done a full and complete investigation into these allegations [he] would [have] been ruled out as a suspect…." *Id.* at 3.  Mr. Cochran contends that Mr. Smith's conduct violated his constitutional rights and "slandered [his] name, false[ly] imprisoned [him], put [him] through mental and emotional abuse, pain and suffering, mental anguish and under the law committed malpractice, and violated [his] 8th Amendment right [cruel] and unusual punishment." *Id.*

This cause of action cannot be maintained because it is prohibited by the doctrine of prosecutorial immunity.  Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions.  *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect judicial process.  Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process.  *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23).  The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'"  *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430).  The Fourth Circuit stated in *Nero*, 890 F.3d at 118:

"A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at493, and presents evidence at trial, *Imbler*, 424 U.S. at 431."

The decisions as to whether, when, and how to prosecute pertain to the role of advocate. Therefore, on the face of the suit, the prosecutorial defendant in the instant case enjoys absolute immunity.  *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Because the complaint fails to provide any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on Mr. Cochran's behalf, it shall be dismissed pursuant to § 1915(e)(2).  Mr. Cochran is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1).  Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act.  *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

A separate order follows.


September 28, 2021                              /s/
Date                                    DEBORAH K. CHASANOW
                                        United States District Judge